**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**BRAD THOMPSON,**                                                                    **PETITIONER**

**v.**                                                     **No. 3:05CV61-D-A**

**GEORGE SNYDER, ET AL.**                                            **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Brad Thompson for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

**Facts and Procedural Posture**

The petitioner was convicted for the sale of cocaine within 1,500 feet of a school in the Circuit Court of Union County, Mississippi. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections with five years suspended. On November 11, 2001, the Mississippi Court of Appeals affirmed the petitioner's conviction and sentence. *Thompson v. State,* 807 So. 2d 471 (Miss. App. 2001) (Cause No. 2000-KA-00895-COA). Thompson's petition for rehearing was denied on February 12, 2002. The petitioner did not file a petition for writ of *certiorari* with the Mississippi Supreme Court.

On January 5, 2004, the petitioner filed an "Application for Leave to File Motion for Post-Conviction Collateral Relief" in the Mississippi Supreme Court, which denied that application March 18, 2004. (Cause No. 2004-M-005). The petitioner also filed a motion to

reconsider on August 13, 2004. That motion was denied August 31, 2004, as not properly before the court under MISS. R. APP. P. 27(h).

## Discussion

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

In declining to seek the final step of discretionary review, the petitioner "stopped the appeal process" and waived his right to pursue review in the United States Supreme Court by way of a petition for writ of *certiorari*. *Roberts v. Cockrell,* 319 F.3d 690 (5 Cir. 2003). The petitioner's conviction thus became final, and the one-year statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after his petition for rehearing was denied. MISS. R. APP. P. 17(b) (allowing fourteen days to file a petition for writ of certiorari in state court after rehearing is

denied). The petitioner's conviction became final on February 26, 2002 (February 12, 2002 + 14 days). As such, the deadline for the petitioner to file a state application for post-conviction relief under 28 U.S.C. § 2244(d)(2) – and to toll the federal one-year statute of limitations – was February 26, 2003. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). The petitioner did not meet the deadline; the petition was filed January 5, 2004, some 313 days after that one-year deadline expired; the petitioner thus did not enjoy the benefit of statutory tolling.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on May 9, 2005, and the date it was received and stamped as "filed" in the district court on May 16, 2005. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 803 days after the February 26, 2003, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 8th day of May, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE